SUPERIOR COURT
OF THE

**RICHARD F. STOKES**
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5264

September 20, 2017

Jhavon Goode
SBI # 00618108
Sussex Correctional Institution
P.O. Box 500
Georgetown, Delaware 19947

Michael W. Modica, Esq.
715 King Street, Suite 300
P.O. Box 437
Wilmington, Delaware 19899

> RE: *State of Delaware v. Jhavon Goode*,
> Case ID# 1404008621A

DATE SUBMITTED: July 31, 2017

Dear Mr. Goode:

Defendant Jhavon Good ("Defendant") has filed his first Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 ("Rule 61").[1] For the reasons expressed below the motion is **DENIED**.

On January 15, 2015, after a jury trial, Defendant was found guilty of one count of Assault in the First Degree, one count of Possession of a Firearm During the Commission of a Felony ("PFDCF"), and one count of Concealed Carry of a Deadly Weapon.[2] On May 29, 2015, Defendant was sentenced as follows: for Assault in the First Degree, to serve five years at Level Five; for

---

[1] The applicable version of Rule 61 is that effective on June 4, 2014, as amended by an order of this Court dated March 23, 2017.
[2] Defendant shot Jason Terry while attempting to buy marijuana from Terry.

1

PFDCF, to serve 15 years at Level Five, suspended after eight years for six months at Level Four, followed by two years at Level Three; and for Concealed Carry of a Deadly Weapon, to serve five years at Level Five, suspended for two years at Level Three. Defendant filed an appeal to the Delaware Supreme Court on June 2, 2015. The Supreme Court affirmed the conviction on April 26, 2016.

On September 12, 2016, Defendant filed his first Postconviction Motion. However, Defendant's counsel at the time, Patrick J. Collins, Esq., stated that the Motion was only intended to toll the time for filing. He needed additional time to review Defendant's file for any potential postconviction claims. The Court allowed Mr. Collins until December 30, 2016 to file any amendments to his Motion. The Court granted Mr. Collins' request for a 30 day extension. Later, Mr. Collins withdrew his representation of Defendant. After reviewing all pertinent information, Mr. Collins believed that no claims for postconviction relief could be ethically advocated. He was replaced by Michael W. Modica, Esq. Mr. Modica filed this Amended Rule 61 Motion for Postconviction Relief on March 16, 2017. In the amended Motion, Defendant made several claims of ineffective assistance of counsel. Therefore, his trial counsel, John P. Daniello, Esq., was required to submit an affidavit pursuant to Rule 61(g) in response. He did so on May 24, 2017. On June 27, 2017, the State filed its response to Defendant's Motion. Lastly, on July 31, 2017, Defendant filed his Reply to the State's Response.

First, Defendant claims that the Superior Court should have suppressed the out-of-court identification of Defendant by the victim, Jason Terry, based upon a photograph of Defendant Terry was shown by his cousin. He claims that the identification was unreliable because it was made after Terry's cousin showed him a picture of Defendant and informed him that, according to the word on the street, Defendant was bragging about having shot someone. Additionally, he asserts that the identification's probative value was outweighed by unfair prejudice, and should have been excluded

2

on that basis. Both the Superior Court and the Delaware Supreme Court found that the identification procedures did not violate Defendant's constitutional rights.

Second, Defendant argues that he suffered a due process violation under the Fifth and Fourteenth Amendments when the Superior Court denied his proposed jury instruction regarding eyewitness identification. According to Defendant, the pattern jury instruction on identifications was insufficient because eyewitness identifications present special problems not encountered with run of the mill out-of-court identifications. Therefore, Defendant was deprived of his Sixth Amendment right to counsel when his attorney unreasonably failed to raise this issue on direct appeal.

Third, Defendant asserts that his trial counsel was ineffective because he elicited prejudicial hearsay during Terry's cross-examination. In Defendant's view, counsel should have anticipated the risk of Terry responding to his questioning by mentioning the comment his cousin made about Defendant's alleged bragging. By failing to request a curative instruction, counsel caused prejudice to Defendant. However, Defendant fails to mention that the Court gave a *sua sponte* curative instruction immediately after the hearsay statements were introduced.

Finally, Defendant claims his trial counsel was ineffective by failing to move for a new trial based upon new evidence obtained between the trial and sentencing. The gun allegedly used in the shooting was recovered after the trial. The sentencing date was pushed back to allow for DNA testing. The results were inconclusive. Yet, Defendant claims that the newly discovered gun was exculpatory evidence that necessitated a new trial.

The first step in evaluating a motion under Rule 61 is to determine whether any of the criteria listed in Rule 61(i) will force the motion to be procedurally barred.[3] All of Defendant's claims are barred by Rule 61(i)(4) because they have been formerly adjudicated.

[3] Super. Ct. Crim. R. 61(i) provides:

3

It cannot be disputed that the out-of-court identification issue has already been adjudicated. Both the Superior Court and the Supreme Court have held that the identification was proper.[4] The action that called the validity of the identification into question was taken by the victim's cousin, Raye Boone, not the police. Therefore, the Supreme Court stated, "…that some state actor must be involved in procuring a suggestive identification before requiring the trial court to undertake a preliminary due process analysis…The police were not involved in the identification, which ends the constitutional inquiry. We also note that Goode availed himself of all the procedural protections available to ensure a fair trial."[5] In short, the Supreme Court found that the Superior Court was correct in declining to suppress the identification. Thus, Defendant's claim is barred by Rule 61(i)(4), as it has already been adjudicated.

---

(i) Bars to Relief. (1) *Time limitation.* A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.

(2) *Successive motions.* (i) No second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule. (ii) Under paragraph (2) of subdivision (b) of this Rule, any first motion for relief under this rule and that first motion's amendments shall be deemed to have set forth all grounds for relief available to the movant. That a court of any other sovereign has stayed proceedings in that court for purpose of allowing a movant the opportunity to file a second or subsequent motion under this rule shall not provide a basis to avoid summary dismissal under this rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

(3) *Procedural default.* Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights.

(4) *Former adjudication.* Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.

(5) *Bars inapplicable.* The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

---

[4] *Goode v. State*, 136 A.3d 303, 310 (Del. 2016).
[5] *Id.* at 310-11.

Moreover, Defendant's argument concerning jury instructions relating to eyewitness identifications was previously adjudicated. Defendant requested an alternative jury instruction be read to the jury regarding eyewitness identifications. The Court denied this request, reasoning that it constituted argument. Instead, the Court read the pattern jury instruction entitled "Identification of Defendant." This issue was addressed and decided by the Superior Court during trial. As a result, Defendant is barred from raising this issue by Rule 61(i)(4).

Additionally, the hearsay issue was considered and disposed of by the Supreme Court. The Supreme Court addressed Defendant's argument by stating:

> Although Terry did begin to repeat things that Boone had said, the Superior Court quickly halted the testimony and instructed the jury to disregard his statements. In this situation, the trial judge's prompt instruction for the jury to disregard the statements cured any error. Further, it was Goode who later on cross-examination elicited testimony about what Boone said. Goode has thus waived any claim that his rights under the Confrontation Clause were violated.[6]

From this commentary it is clear that no error was committed because a curative instruction was immediately given, even though not requested by defense counsel. Consequently, Rule 61(i)(4) prohibits Defendant from attacking his conviction on that basis.

Finally, Defendant claims that his trial counsel erred by failing to move for a new trial after the gun allegedly used to commit the crime had been discovered. The gun was not discovered until after the trial was complete. Once the gun had been recovered, the Court granted defense counsel's request that the sentencing date be pushed back to allow time for the gun to be tested for DNA and for defense counsel to file a motion for a new trial, if warranted. Just over a month later, the Court went ahead with sentencing and noted that, if additional testing yielded favorable results, Defendant could file an appeal with the Supreme Court to have his concerns addressed on remand. However, the testing results were inconclusive, meaning that they held no inculpatory or exculpatory value. No motion for a new trial was filed.

---

[6] *Id.* at 313.

Some variation of this issue has been previously addressed by the Supreme Court. Defendant argued in his appeal that the Superior Court erred by declining to continue his sentence further. In the words of the Supreme Court:

> The court [Superior Court] had already granted Goode a continuance so that he could file a motion for a new trial. Goode never filed the motion. In addition, the Superior Court noted that in the unlikely event that something fruitful did come from the testing, Goode would have the opportunity to seek remand from this Court to address the issue. The Superior Court did not act unreasonably or capriciously in denying Goode a continuance, and therefore did not abuse its discretion.[7]

Thus, any issue regarding a continuance of the sentencing has already been adjudicated, and is, therefore, barred under Rule 61(i)(4).

Furthermore, any argument that Defendant's counsel erred in failing to move for a new trial is barred under Rule 61(i)(3). This argument was not previously raised in proceedings leading to judgment of conviction, so it is procedurally defaulted. The only way for Defendant to overcome this bar would be to show (a) cause for relief from the procedural default and (b) prejudice from violation of his rights. Given that the analysis of the gun did not yield conclusive results capable of exculpating Defendant, he is unable to show either cause or prejudice. In conclusion, Defendant's fourth and final argument is procedurally barred.

Considering the foregoing, Defendant's Motion for Postconviction Relief is **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office
    Michael W. Modica, Esq.

---

[7] *Id.* at 315.

Casey L. Ewart, Esq.
John P. Daniello, Esq.

7